### DECIDED CASES
#### SYLLABI

No. 17732—The La France Electrical Construction & Supply Co. v. International Brotherhood of Electrical Workers. Error to the Court of Appeals of Lucas county.

STRIKES—Picketing during strike—Peaceable efforts to persuade other employes not to be enjoined.

ALLEN, J.

Picketing the plant of an employer by strikers during a strike, and peaceful discussion with and persuasion of employes to leave their employment, which under the terms of their contract is terminable at will, and peaceable persuasion of men applying for employment not to work for that particular employer, if unaccompanied by physical violence, abuse, intimidation or any form of coercion or duress, direct or indirect, are not unlawful and cannot be enjoined.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.

---

No. 17749—The Hadfield-Penfield Steel Co. v. Albert Sheller, by, etc. Error to the Court of Appeals of Lake county.

PLEADINGS—(1) Statutory causes of action, how to be stated in petition—Matter for judicial notice, not to be stated. CHARGE TO JURY—(2) Court should instruct as to violation of statutory duties if in issue.

MARSHALL, C. J.

1. Where a suit is brought upon a claim arising out of a duty created by statute it is necessary only that the petitioner should state facts which bring the defendant within the liability created by that statute, without referring to it. It is never necessary in pleading to state matter of which the court is bound to take judicial notice.

2. The violation of a duty defined by any competent legislative authority is negligence per se, and upon an issue of the neglect or violation of such duty the trial court should instruct the jury that it is its duty to determine whether there has been a failure to discharge that duty and whether such failure is the proximate cause of injury.

Judgment affirmed.

Wanamaker, Day and Allen, JJ., concur.

No. 17770—The State of Ohio v. Abraham Auerbach. Error to the Court of Appeals of Cuyahoga county.

AUTOMOBILES—Opinion evidence, as to rate of speed—Ordinary people may testify as to—(2) Improper remarks by State's counsel, in closing argument, effect of when court instructs jury not to consider.

DAY, J.

1. It is a general rule that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving automobile, the qualifications of the witness to judge accurately going to the weight which the jury may give his testimony rather than to its competency. Unless an abuse of discretion appears in permitting an expression of such opinion, no prejudicial error intervenes.

2. In a criminal case, where improper remarks are made in a closing argument by counsel for the defendant upon the same subject-matter, and objection is made thereto by defendant's counsel, and the court immediately instructs the jury to disregard such argument on behalf of the state and to draw no conclusion with reference ot those particular matters prejudicial to the defendant, under such circumstances, no prejudicial error appearing to have resulted therefrom, a verdict will not be disturbed upon that ground.

Judgment reversed.

Marshall, C. J., Wanamaker, Jones, Matthias and Allen, JJ., concur. Robinson, J., concurs in the syllabus but not in the judgment.

---

No. 17751—Carnegie Steel Co. v. Yanko Zebich. Error to the Court of Appeals of Trumbull county.

WORKMEN'S COMPENSATION—Employe suing employer for alleged failure to observe a lawful requirement, thereby waives right to direct payment from the employer. Lopez v. King Bridge Co.; 23 Abs., followed.

JONES, J.

An employe who has brought suit for damages against an employer authorized to compensate its workmen directly, which suit was based upon an alleged failure to observe a lawful requirement, thereby waives his right to any award or direct payment of compensation from such employer.

Lopez v. King Bridge Co., ante decided May 22, 1923, followed and approved.

Judgment reversed.

Robinson, Matthias and Day, JJ., concur.